R.J. Manuelian, State Bar No.: 219818
Manuelian Law Firm
633 West 5th Street, 57th Floor
Los Angeles, CA 90071
Telephone: (213) 248-6784
Facsimile: (213) 402-8576
E-mail: Rjmanuelian@gmail.com

Attorney for Defendant, JANE ALCAIN

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>vs.<br><br>JANE ALCAIN.<br>        Defendant. | NO.: No. CR 20-00446-DSF<br><br>DEFENDANT JANE ALCAIN'S<br>SENTENCING MEMORANDUM<br><br>SENTENCING DATE:<br>June 10, 2024<br>Time: 8:30 a.m.<br>Courtroom: Hon. Dale S. Fischer |

Defendant Jane Alcain, by and through her counsel, hereby submits her sentencing position. This position is based upon the PSR, Dr. Hy Malinek's Comprehensive Psychological and Risk Assessment Report (dated May 9, 2024), the file and record in this case, the appended exhibits, and such further letters, exhibits and evidence as may be submitted prior to or at the sentencing hearing.

Dated: May 29, 2024                    Respectfully Submitted.

                                       _____/S/_____
                                       R.J. MANUELIAN
                                       Attorney for Defendant
                                       JANE ALCAIN

INTRODUCTION

The Probation Office has proposed Sentencing Guideline to Ms. Alcain's case a guideline range of 97 to 120 months[1].

Counsel submits that in light of 18 U.S.C. Sec. 3553 factors, including the exceptional nature and circumstances of the offense, the characteristics of the defendant, the level of cooperation provided to the government in this matter, and the enormous collateral consequences (including the potential loss of her nursing license) already suffered by the defendant as a result of her conviction, Ms. Alcain does not deserve to go to prison. The PSR indicates a Base Offense Level of added 20 points (+20) alone due to the intended loss of between $10,941,714 and $25,000,000. The total Offense level categorized by the PSR report is thirty (30).

Given the unequivocal and early acceptance of her responsibility, significant amount of time and cooperation provided by Defendant to the government is assistance in this matter this is a case that cries out for exercise of the Court's discretion to fashion an alternative, non-prison sentence "sufficient but not greater than necessary" to satisfy the objectives set out in 18 U.S.C. Sec. 3553(a)(2).

The acceptance is reiterated in the defendant's letter to the Court, attached as Exhibit 1 to this memorandum.

**Factors in Mitigation**

Dr. Malinek indicates in his Forensic Psychological Report states:

> "there are several mitigating circumstances in this case, not the least of which are the adverse

---

[1] Statutory maximum

> childhood experiences she has had, which involved the death of her father at the age of 1 and her mother's move to the U.S. when she was 3 or 4, a move Ms. Alcain has experienced as abandonment. The lack of criminal history is probably another mitigating factor in this case…Ms. Alcain did not impress me as psychopathic or antisocial but rather as an emotionally vulnerable woman with low self- esteem whose criminal conduct grew out of a sense of deprivation and inadequacy as well as a wish to compensate herself for emotional loss. The fact that Ms. Alcain has taken responsibility for her conduct, collaborated with the investigation, and involved herself in therapy is probably also a mitigating sign." Attached hereto as Exhibit 1.

**Factors in Aggravation**

There was an abuse of trust by a person in a position of public trust. The intended loss is between $10,941,714 and $25,000,000.

As set out below, counsel submits the mitigating circumstances of the case far outweigh these purportedly "aggravating" factors and warrant a non-prison sentence.

**POSITION AS TO SENTENCING**

**Applicable Law**

As the court is undoubtedly well-aware in light of Booker and its progeny (United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005)), the Sentencing Guidelines are no longer mandatory, nor even presumptively appropriate to a given case. United States v. Nelson, 555 U.S. 350, 129 S.Ct. 890, 892 (2009). The Ninth Circuit reiterated, in its *en banc* opinion in United States v. Carty, 520 F.3rd 984, 991 (2008) (en banc).

> "The overarching statutory charge for a district court to "impose a sentence sufficient, *but not greater than*

3

*necessary*" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant needed education or vocational training, medical care, or other correctional treatment. 18 U.S.C. Sec. 3553(a) and (a)(2)." [Emphasis added.]

The Carty court noted that while the Guidelines are "the starting point and the initial benchmark" in determining the appropriate sentence, "the district court may not presume that the Guideline range is reasonable. [Citations omitted]. Nor should the Guidelines factor be given more or less weight than any other. While the guidelines are to be respectfully considered, they are one factor among the Sec. 3553 (a) factors that are to be taken into account in arriving in appropriate sentence. [Citations omitted]." Carty, *supra,* 590 F.3 at 991.[1]

**Application of the Sec. 3553(a) factors**

The nature and circumstances of the offense here are particularly compelling. This is a hospice fraud case wherein the Defendant conspired with physicians, marketers and others to commit healthcare fraud withing her capacity and role as an

---

[2] 18 U.S.C. Sec. 3553(a) directs the district court to consider the following factors in fashioning a sentence "sufficient but not greater than necessary" to accomplish its objectives;
    (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) The need for the sentence imposed ---
        (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (b) To afford adequate deterrence to criminal conduct;
        (c) To protect the public from further crimes of the defendant; and
        (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) The kinds of sentences available;
    (4) The kinds of sentences and the sentencing ranges established [by the Guidelines]…;
    (5) Any pertinent policy statement…issued by the Sentencing Commission….;
    (6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
    (7) The need to provide restitution to any victims of the offense

4

administrator, operator, and beneficial owner of several Medicare enrolled hospices. The defendant would pay individuals known as "recruiter" or "marketers" "kickbacks" for each Medicare beneficiary they referred, amounting to approximately 600 to 1000 dollars per patient per month. Ms. Alcain directed employees at the hospice facilities to submit false and fraudulent claims to Medicare for hospice care provided do beneficiaries who did not qualify for or have legitimate need for hospice care, and who were recruited through illegal "kickbacks" to marketers.

Ms. Alcain's culpability is aggravated by her position or trust coupled with the intended loss occurred which is between $10,941,714 and $25,000,000. The United States Probation Office Presentence Report indicates that defendant is no longer working and does not have enough finances to make payments at this time.

> *Based upon Alcain's negative monthly cash flow and lack of liquid assets, it does not appear that Alcain has the ability to pay a fine in addition to the restitution.* (Paragraph 101 of PSR)

The defendant recognizes his vulnerability to pay down the restitution amount prior to sentencing. Unfortunately, she depends on her family to support herself at this point in her life. Her family attempted in good faith to gather funds but could not come close to the funds necessary and a decision was made to distance themselves from Alcain and not provide any financial support.

She is a convicted person and has brought shame on herself and her family and has not informed them of her sentencing date nor asked for updated character letters. Ms. Alcain has a long way to go, gut the first step has been made. She acknowledges

her problems, recognizes the cause, and admits her egregious behavior.

A term of imprisonment serves the goals of promoting respect for the law, just punishment and recognition of the seriousness of the offense while protecting the public from further crimes. The questions becomes what term of imprisonment is enough to serve those goals, including the medical needs of the defendant.

**IMPRISONMENT**

As recognized in the Presentence Report, pursuant to the plea agreement, the government will recommend the low end of he guideline range. The sentencing range at level 30 is 97 to 120 months. A guideline level of 18 falls within Zone D. Zone D requires imprisonment. However, as previously stated the guidelines are advisory. United States v. Booker, 543 U.S. 220, 125, S.Ct. 738 (2005). The defendant humbly requests that the court deviate from the sentencing guidelines.

The Carty court noted that while the Guidelines are "the starting point and the initial benchmark" in determining the appropriate sentence, "the district court may not presume that the Guideline range is reasonable. [Citations omitted]. Nor should the Guidelines factor be given more or less weight than any other.

Of course, although not unique to this case, the most threatening "collateral consequence" … [her depression]

The Supreme Court held in Pepper v. United States, 562 U.S. 476, 131 S.Ct. 1229, 1242 (2011) that a defendant's post-

6

sentence rehabilitation is part of his "history and characteristics" for Sec. 3553 purposes. An analogous situation pertains to Ms. Alcain's early onset of guilt, her volunteering as a nurse in the intensive care unit at Cedars Sinai and her her cooperation with the government which was vital to their investigation and indictment brought. The Court has wide latitude in considering "the kinds of sentences available." [18 U.S.C. 3553(a)(3)].

The Sentencing Guidelines are just "one factor among several courts must consider in determining an appropriate." Kimbrough v. United States. 552 U.S. 85, 105 (2007). While the Guidelines must serve as the "starting point and the initial benchmark" of this inquiry, the sentencing court "may not presume that the Guidelines range is reasonable" and "must make an individualized assessment based on the fact presented. While the Guidelines must serve as the "starting point and initial benchmark" of this inquiry, the sentencing court "may not presume that the Guidelines range sis reasonable" and "must make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007). Accordingly, a non-Guidelines sentence fulfills the goals of sentencing provided it is in accord with parsimony principle. See Kimbrough 552 U.S. at 111.

The Court can fashion a non-prison sentence in this case that would clearly be "sufficient, but not more than necessary" to satisfy the objectives set out in Sec. 3553. That sentence could include a prolonged period of probation, up to the maximum of 5 years. It can include an enhanced financial penalty beyond the $15,000 fine recommended by Probation and the Government, a

penalty which would be additionally onerous in light of defendant's current status as unemployed and the impending loss of his loss of nursing license. Finally, the Court could impose an appropriate period of home detention, or alternatively community confinement, thereby ameliorating collateral harm to Aclain's elderly mother for whom she lives with and continue volunteering at the hospital in another capacity.

## CONCLUSION

Counsel respectfully suggests that a sentence of probation, with a condition of home detention for an appropriate period of time, and a payment of a substantial fine [as much as $10,000 or whatever the court deems appropriate], would clearly be "sufficient, but not greater than necessary" to satisfy the purposes set out in Sec.3553(a)(2). There is no need for a prison sentence to deter Ms. Alcain from further criminal conduct.

Dated: May 29, 2024                    Respectfully Submitted.

                                       _____/S/_____
                                       R.J. MANUELIAN
                                       Attorney for Defendant
                                       JANE ALCAIN

DECLARATION OF COUNSEL

I, R.J. Manuelian, declare:

    1. I am counsel for Jane Alcain, the defendant in this case. I make this declaration in support of the above sentencing memorandum. Unless otherwise stated, I have personal knowledge of the facts set forth below, and if called to testify, I could and would testify to the truth of these facts.

    2. Attached Exhibit 1 is a true copy of Jane Alcain's letter to the court.

    3. Attached Exhibit 1 is a true copy of Dr. Hy Malinek's mitigation report to the court.

I declare under penalty of perjury the above is true and correct. This declaration is executed at Los Angeles, California on _____

9