

Fredrick M. Ray
John D. Bishop
Lindsay M. Johnson

June 6, 2024

Re: Jane Alcain

To Whom It May Concern:

I have been asked by Ms. Jane Alcain's attorney to produce an opinion letter concerning the potential impact of a fraud or conspiracy to commit fraud (18 USC §1349) conviction upon Ms. Alcain's registered nursing license. According the most recent records of the Board of Registered Nursing, Ms. Alcain is currently licensed (#527462), and has held her license in California since October of 1996. She has no record of discipline with the BRN.

I am an attorney who regularly defends licensees before various licensing agencies in California at administrative hearings, at agency meetings, and in administrative writ proceedings before the Superior Court. My office, Ray & Bishop PLC, deals with license defense matters at all stages of the licensing process, including applications, hearings, appeals, and petitions for reinstatement.

Pursuant to *California Business and Professions Code* §490, a California state licensing board, including the Board of Registered Nursing, can revoke or suspend a professional license due to a criminal conviction which is substantially related to the qualifications, functions, or duties of the business or profession for which the license would be issued. Under Title 16 *California Code of Regulations* §2761(f), a conviction for dishonesty is substantially related to the qualifications of a registered nurse license. Under *California Business and Professions Code* §493, a record of conviction of the crime constitutes conclusive evidence that the crime occurred.

The consequences of a criminal conviction upon a registered nurse are extensive. Once an RN receives a conviction or enters a plea of guilty to a crime, even if the case is later dismissed, he or she must disclose that fact to the Board within thirty days. The disclosure creates a substantial likelihood that the Board will seek to discipline the RN – typically through license suspension or revocation – by filing an Accusation against their license. The Board creates a conspicuous public record of all license discipline on its website, and the discipline remains a public record forever. In addition, convictions are typically reported to the National Practitioner Databank (NPDB), to the California Department of Health Care Services, and to the federal Office of the Inspector General. Each disclosure will create collateral consequences for Ms. Alcain's license, specifically that she will be unable to work at a facility that bills MediCal or Medicare for patient services.

Re: Jane Alcain
June 6, 2024
Page two

Ms. Alcain will face an Accusation from the Board of Registered Nursing and will very likely be revoked. In all cases where the licensee is convicted of a felony, the recommend discipline is revocation. (BRN Guidelines, pg. 5, https://www.rn.ca.gov/pdfs/enforcement/discguide.pdf).  As the Board has not previously sought suspension of the license, it is unlikely that the Board will take action against the license prior to the administrative proceeding.

Given that Ms. Alcain has practiced as a registered nurse for nearly 30 years with no record of discipline, it appears that she is capable of safe practice and would therefore be eligible for reinstatement after three years.  Reinstatement of the license is possible if Ms. Alcain can complete criminal probation. However, the Board will give great weight to the completion of probation requirements, including full payment of restitution.

Thank you for giving me the opportunity to review this matter.

Very truly yours,

*John Bishop*

John D. Bishop
Ray & Bishop, PLC